IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORENZO DAVILA-RODRIGUEZ, )
)
      Petitioner/Defendant, )
)
vs. ) CIVIL NO. 08-174-GPM
)
UNITED STATES OF AMERICA, ) CRIMINAL NO. 02-30081-03-GPM
)
      Respondent/Plaintiff. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Lorenzo Davila-Rodriguez seeks to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The Government was ordered to respond to his motion, and a response was filed on April 22, 2009 (Doc. 3). Davila-Rodriguez filed a reply on May 11, 2009 (Doc. 4).

For the reasons that follow, the motion is denied.

### I. BACKGROUND.

As the Court outlined in its March 23, 2009, Memorandum and Order directing the Government to respond,

> Davila-Rodriguez pleaded guilty on May 24, 2004, without the benefit of a formal plea agreement or formal stipulation of facts, to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. On February 27, 2006, he was sentenced to a 262 month term of imprisonment, five years supervised release, a fine of $1,250, and a special assessment of $100. The Court of Appeals for the Seventh Circuit affirmed his sentence on direct appeal. *United States v. Davila-Rodriguez*, No. 06-1596 (7th Cir. Nov. 17, 2006). On March 6, 2008, the Court received the instant motion pursuant to § 2255.

> In his motion, Davila-Rodriguez raises two grounds for relief: (1) that his Sixth Amendment right to confrontation was violated when this Court allegedly used hearsay evidence to increase his sentence; and (2) that his Sixth Amendment right to 'proof beyond a reasonable doubt' was violated when this Court allegedly made findings of fact based on a preponderance of evidence.

(Doc. 2). The Court notes that the February 27, 2006, sentence imposed in this case was at a second sentencing hearing. The Court's first sentence to Davila-Rodriquez, also a term of 262 months, was vacated because the Court failed, without objection from the parties, to make certain findings. *See United States v. Davila-Rodriquez*, 149 Fed.Appx. 506, No. 05-1498, 2005 WL 2293384 (7th Cir. Sept. 15, 2005). Davila-Rodriquez lost on his second appeal to the United States Court of Appeals for the Seventh Circuit (cited above), and the United States Supreme Court denied his petition for writ a certiorari. *Davila-Rodriguez v. United States*, 127 S.Ct. 1861 (2007).

## II. ANALYSIS.

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Davila-Rodriguez only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992), *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver*, 961 F.2d at 1343 n.5, *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

Here, both grounds raised by Davila-Rodriguez fall into one of the just-mentioned categories. First, citing *Crawford v. Washington*, Davila-Rodriguez argues that his Sixth Amendment right to confrontation was violated at sentencing because out-of-court statements of witnesses were presented to the Court. 541 U.S. 36 (2004). In *Crawford*, the United States Supreme Court held that out-of-court testimonial statements by witnesses are barred by the Confrontation Clause unless (1) the witnesses are unavailable, and (2) the defendant had a prior opportunity to cross-examine them. Of course, in *Crawford*, the out-of-court statement was used against Crawford at his jury trial. Here there was no jury trial; Davila-Rodriquez complains about statements used at his sentencing hearing.

This issue cannot be reconsidered because it was raised in Davila-Rodriguez's second appeal (the one filed after his re-sentencing hearing). Davila-Rodriguez argued to the Seventh Circuit that this Court should not have relied on hearsay evidence (out-of-court statements of witnesses) when it sentenced him. But the Seventh Circuit promptly disposed of his argument, noting that "[t]he district court properly considered otherwise reliable hearsay evidence because '[h]earsay is admissible at sentencing . . . Sentencing judges are entitled to use any procedures adequate to reach informed and accurate decisions.'" *United States v. Davila-Rodriquez*, 468 F.3d 1012, 1014 (7th Cir. 2006), *quoting United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005) (additional citations omitted). Davila-Rodriguez has not shown that the circumstances have changed, and the Court will not reconsider this issue.

Similarly, the Court cannot consider Davila-Rodriguez's second claim – that his Sixth Amendment right to proof beyond a reasonable doubt was violated at his sentencing hearing. Although raised in his first appeal, Davila-Rodriguez did not raise this issue in his second appeal (following the resentencing hearing). This is a problem for Davila-Rodriguez. As stated above,

a Section 2255 motion does not serve as a substitute for a direct appeal. The Seventh Circuit has noted many times that "[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for and actual prejudice resulting from the failure to raise it." *Mankarious v. United States*, 282 F.3d 940 (7th Cir. 2002).

Here, Davila-Rodriguez has shown neither cause nor prejudice to overcome the procedural bar to his claim. And, while the Court could consider his claim if the refusal to do so would lead to "a fundamental miscarriage of justice," there is no concern of that in this case. *See Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). Davila-Rodriguez chose to plead guilty, and his claims of unconstitutionality surrounding his sentencing have been addressed by federal courts on many occasions and always found to be without merit. Davila-Rodriguez is not entitled to relief under Section 2255.

### III. CONCLUSION.

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 6/26/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge